'Tbe opinion of tbe Court was delivered by
Glover, J.
In January, 1856, tbe plaintiff purchased of < tbe defendant a tract of land,’ on a part of wbicbMary Groce then lived. At tbe time of tbe purchase tbe defendant executed tbe following instrument: — “ Be it remembered that I, E. P. Smith, acknowledge to owe, or to forfeit to Eber Bear-den one hundred dollars, good and lawful money of said State, if there should be default made in tbe condition underwritten. Tbe condition above written is such, that if tbe above bounden E. P. Smith shall put him, tbe said Eber Bearden, on or before tbe first day of March, 1857, in actual possession of tbe bouse and lot whereon Mary Groce now lives, in this district, and has now in possession, then this bond to be null and void, otherwise to remain in full force and virtue.” Tbe plaintiff was not put in possession of tbe *555 bouse and lot occupied by Mary Groce, until about one week after tbe time appointed and agreed upon, and be sued, alleging tbis breach. At tbe trial before O’Neall, J., at Spar-tanburg, it was argued that tbe sum of one hundred dollars, specified in the above agreement, was stipulated damages, and not a penalty. The Judge instructed the jury otherwise, who assessed the plaintiff’s damages, including a payment before made, at seven dollars and fifty cents; and for misdirection on this point the plaintiff has appealed.
Whether the parties have assessed damages for themselves, or whether the amount specified is to be regarded as a penalty, is a question of law, and the decision of it depends upon the intention, to be collected not only from the language employed, but we must also look to the form of the instrument. The defendant acknowledges his indebtedness in a specific sum with a condition, to be void if the plaintiff shall be put in possession of the house and lot on a certain day. His promise to perform the act is implied from the condition under a penal sanction ; and in form the instrument is not unlike a bond, in which the penalty is a security for the damages sustained by the breach of the condition. The parties to this agreement have manifested no intention to make the sum stated the measure of damages, either by tbe use of the words “ liquidated damages,” or by the form of the instrument. In bonds conditioned for the payment of money or for the performance of a particular act, the gross sum is always treated as a penalty; and the striking conformity of this contract to such a bond, admits the application of the same rule to its construction. Tbe distinction between a penalty and liquidated damages is, that the former is a security for, and the latter is to be paid in lieu of, the performance of the act to be done. The form of this instrument shows that a penalty was in the contemplation of the contracting parties, and that precludes the idea of assessed damages, as a substitute for performance, unless by the use *556 of express words, as “liquidated damages,” a different intention is shown.
Contracts for stipulated damages will be enforced, although the sum be largely disproportioned to the actual damages ; but the intention must be clearly manifested.
Even the use of the words “liquidated damages” will not control in ascertaining the meaning, if, upon the whole instrument taken together, a different purpose is discovered. (Green vs. Price, 13 M. & W. 701.) And where it is doubtful if the sum fixed was intended to be for damages, assessed by the parties in anticipation, or as a penalty, the Court will adopt tbe latter: (Crisdee vs. Bolton, 3 C. & P. 240,) preferring, in a case of doubt, that construction which will give just and full compensation, rather than adopt that which without reference to the real damage is arbitrarily settled before a breach of the 'contract is committed.
In the' case of Allen vs. Brazier & Randolph, relied upon in the argument, (2 Bail. 293,) the defendants expressly promised to deliver a negro, or pay one hundred dollars ;-but there was no declaration of indebtedness, nor did the instrument, as in this case, assume the form of a bond, from which the intention to bind the party by a penalty might have been inferred. It was a conditional agreement — to deliver the negro or to pay the sum stipulated — and on failure by the defendants to perform their undertaking, the quantum of damages was ascertained.
Looking to the form of the instrument, and the language used by the parties, we are of opinion, that they intended to provide for the delivery of possession under a penalty of one hundred dollars; and that the ruling of the Circuit Judge was correct, in submitting to the jury the question of damages.
Motion refused.
O’Neall, Wardlaw, Withers, WhitNer and Muero, JJ., concurred.

Motion refused.